**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOROTHY MURPHY,                    )
                                   )
            Appellant,             )
                                   )
      v.                           )        No. 06 C 2091
                                   )
JAMMIE L. SLACK,                   )
                                   )
            Appellee.              )

**MEMORANDUM OPINION**

This case is before us on appeal from Bankruptcy Judge Squires's memorandum opinion and order of January 23, 2006, in which the court granted the motion of Jammie L. Slack for summary judgment and found that the debt owed by Slack to Dorothy Murphy is dischargeable.  For the reasons explained below, the order of the bankruptcy court is affirmed.

**BACKGROUND**

On February 7, 2005, appellee Jammie L. Slack commenced a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Illinois.  One of the debts Slack sought to discharge was a state-court judgment in favor of appellant Dorothy Murphy in the amount of $1,500.  The $1,500 judgment represented an unreturned security deposit on an apartment at 821 N. Massasoit in Chicago that Murphy had leased from Slack in May 2003.

Murphy commenced a <u>pro se</u> adversary proceeding to determine the dischargeability of the state-court judgment. She contended that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4), which provides that a debt for "defalcation while acting in a fiduciary capacity" is nondischargeable.[1] Murphy maintained that the terms of the Chicago Residential Landlord and Tenant Ordinance (the "Ordinance") required Slack to hold her security deposit in trust in an interest-bearing account and to return those funds with interest when the lease was terminated.

Slack then moved for summary judgment, arguing that the Ordinance did not apply to the lease between him and Murphy because it exempts "owner-occupied buildings containing six units or less,"[2] and that the lease itself failed to create a fiduciary relationship with respect to the security deposit. Slack filed an affidavit in support of his motion stating, <u>inter alia</u>, that there were less than six units in the building and that he occupied one of the units.

Murphy filed a response to Slack's motion that consisted of four brief statements, along with an affidavit also consisting of four brief statements. Murphy agreed that the building had less than six units (although disagreed with Slack as to whether there

_____

[1] "Defalcation" is defined as a "misappropriation of money in one's keeping," or alternatively as "a failure to meet a promise or an expectation." Webster's Third New International Dictionary 590 (1971).

[2] Chicago, Illinois Municipal Code § 5-12-020 (2006).

were two or three units) but appeared to disagree as to whether
Slack had occupied the building.

On January 23, 2006, Bankruptcy Judge Squires issued a
memorandum opinion and order granting Slack's motion for summary
judgment. Although mindful of Murphy's status as a <u>pro</u> <u>se</u>
litigant, the court deemed admitted all of Slack's statements of
fact, including his statement that he had occupied the building,
because Murphy had failed to submit a paragraph-by-paragraph
response to Slack's statements in accordance with Local Bankruptcy
Rule 7056-2.[3] The court found that because the building contained
less than six units and was owner-occupied, the Chicago ordinance
did not apply, and thus did not create a trust relationship.
Moreover, the court found that the lease itself did not create a
trust relationship. Therefore, Slack's motion for summary
judgment was granted, and the debt was found to be dischargeable.

Murphy appeals from Judge Squires's order on the ground that
the bankruptcy court should not have deemed admitted Slack's
statement of material facts due to her "technical" non-compliance
with the local bankruptcy rule. Murphy contends she substantially
complied with the local rule and that the court should have
considered her affidavit, which created a genuine factual issue as

---

[3] The provisions of Local Bankruptcy Rule 7056-2 parallel that of N.D.
Ill. Local Rule 56.1(b).

to whether Slack occupied the building, and should have denied Slack's motion.

## DISCUSSION

This court sits as an appellate court for bankruptcy court proceedings.  We review the bankruptcy court's decision concerning compliance with local rules for an abuse of discretion.  See Ammons v. Aramark Uniform Servs., Inc., 368 F.3d 809, 817 (7th Cir. 2004). We may affirm the bankruptcy court's decision on any ground that has a basis in the record.  See Anderson v. U.S.F. Logistics (IMC), Inc., 274 F.3d 470, 478 (7th Cir. 2001).  Because Murphy was seeking to establish an exception to the discharge of a debt, it was her burden to prove its nondischargeability by a preponderance of the evidence.  See Grogan v. Garner, 498 U.S. 279, 291 (1991).

We need not belabor the issue of whether the bankruptcy judge abused his discretion in demanding strict compliance with Local Bankruptcy Rule 7056-2 and in deeming admitted all of Slack's statements of material fact.  Instead, let us assume that Murphy is right and that Judge Squires should have disregarded her noncompliance with the local rule and considered her affidavit on the merits.  The affidavit nonetheless would have failed to create a genuine issue of fact with respect to Slack's occupancy of a unit in the building.  A careful reading of Murphy's response and affidavit is required.

The only relevant statement in Murphy's response is "Jammie Slack did not occupy said building." (R. 14 at 1.) The corresponding statement in Murphy's affidavit, however, says something that at first glance seems only slightly different but is actually so different that it fails to create a genuine issue of fact: "[A]t the time of the lease in question, Jammie Slack did not <u>rent</u> at 821 N. Massasoit, Chicago, Illinois 60651." (R. 14 at 2 (emphasis added).) Slack could have occupied the building without renting, as he was the landlord and would not be renting from himself. The averment that Slack did not <u>rent</u> fails to create a genuine issue as to whether he <u>occupied</u> a unit in the building. Accordingly, even if Judge Squires had considered the substance of Murphy's affidavit, it would have failed to create a genuine factual issue regarding Slack's occupancy. Judge Squires's order therefore will be affirmed.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order of January 23, 2006 is affirmed.


DATE:      September 5, 2006


ENTER:     _____

           John F. Grady, United States District Judge